IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY,<br><br>Petitioner,<br><br>vs.<br><br>GARSON CASTRO, ANTONIA BARRERA, LOLDA LOPEZ, DESTANEE PITTS, LAYLA DICKSON, DAVID RUBIO, RAQUEL HERNANDEZ, NATANAEL VENTORA, and BRANDIS VILLANUEVA,<br><br>Respondents. | Cause No. CV 25-64-H-JTJ<br><br><br>ORDER ON ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY'S MOTION FOR ENTRY OF DEFAULT JUDGMENT |

Allstate Fire and Casualty Insurance Company ("Allstate") moves for entry of default judgment against Garson Castro, Antonia Barrera, Natanael Ventora, and Brandis Villanueva (collectively, "Default Respondents") for failing to appear. (Doc. 30.) Allstate effectuated service upon Garson Castro, Antonia Barrera, Natanael Ventora on September 12, 2025, and upon Brandis Villaneuva on September 22, 2025. (Docs 5, 7, 8, & 10.) Default Respondents have each failed to plead, appear, or otherwise defend, and the Clerk of Court has entered default against the Default Respondents. (Docs. 24–27.)

The underlying dispute arises from a two-vehicle motor vehicle accident

1

from the summer of 2024 in Broadwater County, Montana. (Doc. 1.) Allstate

insured the responsible driver. (*Id*.) Each of the respondents initially submitted

bodily injury claims to Allstate arising from the accident. (*Id*.)

On August 29, 2025, Allstate filed a Petition in Interpleader seeking to

deposit the entire aggregate policy limits of $60,000 with the Court to allow

respondents the opportunity to ascertain their respective entitlement to the policy

limits. (*Id*.) All but two of the respondents have been properly served. (*See* docs.

5–11.)

In determining whether to enter a default judgment, the Court considers the

following factors: (1) the possibility of prejudice to the plaintiff; (2) the merits of

plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of

money at stake in the action; (5) the possibility of a dispute concerning material

facts; (6) whether the default was due to excusable neglect; and (7) the strong

policy underlying the Federal Rules of Civil Procedure favoring decisions on the

merits. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). Whether to enter a

default judgment rests with the discretion of the district court. *Aldabe v. Aldabe*,

616 F.2d 1089, 1092 (9th Cir. 1980).

Here, the possibility of prejudice against Allstate and other respondents

supports an entry of default judgment. Allstate seeks the Court to timely adjudicate

the competing claims for the policy limits ("the Stake"). Respondents Raquel

Hernandez, Destanne Pitts, and Layla Dickson have appeared and asserted their claims to the Stake. If default judgment is not entered, the parties who have appeared would be unable to adjudicate their respective shares to the Stake, resulting in prejudice to them.

The merits of Allstate's substantive claim and the sufficiency of the complaint further support an entry of default judgment. Competing claims to the Stake exist. Doubt and uncertainty remain as to the apportionment of the Stake among the respondents. An entry of default judgment against the Default Respondents would permit the respondents who have appeared the opportunity to ascertain their respective rights to the Stake.

The sum of money at stake in the action additionally supports entry of default. The amount of the Stake remains uncontested. The Stake is the aggregate policy limit of $60,000. The Stake represents the entire amount that all respondents may lay claim to.

The possibility of a dispute concerning material facts further supports entry of default as the parties do not dispute the material fact that the amount of the Stake is the per-accident bodily injury liability limit of $60,000. Further, respondents do not dispute that they were provided an opportunity to assert their rights to the Stake. Default Respondents have failed to appear or assert their rights.

The sixth factor, whether the default was due to excusable neglect, also

supports entry of default judgment because Default Respondents were properly served and have never made an appearance in this matter. The final factor, the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits, is outweighed by the above factors favoring default. Default Respondents' failure to appear makes adjudication of this case impossible. The parties who have appeared have rightful claims to the Stake and should be afforded the opportunity to adjudicate their rights.

The Court having considered these factors finds the Entry of Default Judgment appropriate. GOOD CAUSE APPEARING, the Motion of Allstate for the Entry of Default Judgment against Default Respondents is **GRANTED. IT IS HEREBY ORDERED** that Default Respondents are not entitled to any portion of the Stake, which is the subject of this action.

DATED this 7th day of May 2026.

Brian Morris, Chief District Judge
United States District Court